**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ROBERT CONLON AND BETSY CONLON, as personal representatives of the Estate of Michael Conlon,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Newton Police Officer FRANCIS SCALTRETO, Newton Police Officer RICHARD BENES, Newton Police Sergeant GLENN CHISHOLM, Newton Police Captain DENNIS DOWLING, Newton Police Captain CHRISTOPHER MARZILLI, and The CITY OF NEWTON,**<br><br>**Defendants.** | **Civil Action No. 23-10026-FDS** |

**ORDER ON PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

**SAYLOR, C.J.**

This case involves a claim of excessive use of force. According to the complaint, on January 5, 2021, members of the Newton Police Department shot and killed Michael Conlon, a 28-year-old man with schizophrenia.

The complaint names as defendants Francis Scaltreto (a Newton police officer), Richard Benes (a Newton police officer), Glenn Chisholm (a Newton Police Sergeant), Dennis Dowling (a Newton Police Captain), Christopher Marzilli (a Newton Police Captain), and the City of Newton.

The complaint asserts twelve counts against defendants: (1) violation of 42 U.S.C.

§ 1983 against the individual defendants for excessive use of force; (2) violation of 42 U.S.C. § 1983 against the individual defendants for deprivation of due process; (3) violation of 42 U.S.C. § 1983 against Dowling and Marzilli for deprivation of due process; (4) violation of 42 U.S.C. § 1983 against the City of Newton for negligent training and supervision; (5) violation of 42 U.S.C. § 1983 against all defendants for failure to provide mental-health treatment; (6) violation of the Americans with Disabilities Act against the City of Newton for failure to accommodate Conlon's disability; (7) violation of the Americans with Disabilities Act against the City of Newton for failure to train; (8) violation of the Rehabilitation Act against the City of Newton; (9) violation of Mass Gen. L. ch. 12 §§ 11H, 11I against the individual defendants for interfering with Conlon's right to life; (10) violation of Mass Gen. L. ch. 12 §§ 11H, 11I against the individual defendants for excessive force; (11) violation of Mass Gen. L. ch. 229 § 2 against the individual defendants for wrongful death; and (12) assault against Chisholm.

Plaintiffs now seek to amend the complaint. For the following reasons, that motion will be granted.

## I. Background

The original complaint was filed on January 5, 2023. On May 5, 2023, defendants moved to dismiss for failure to state a claim. In response, plaintiffs moved for leave to file an amended complaint.

On August 17, 2023, the parties submitted a joint motion to extend time for defendants to respond to plaintiffs' motion to amend and to stay defendants' motions to dismiss. The Court granted the parties' motion and set a deadline for responses by September 12, 2023. The defendants. More than two months past that deadline, the defendants have yet to respond.

The proposed amended complaint makes several changes, including withdrawing Counts

2 and 3 of the original complaint and adding factual details and refinement to Counts 1, 4, and 5. According to plaintiffs, the factual details are the result of their review of more than 10,000 pages of additional materials received by counsel, including the inquest into the death of Conlon.

## II. Analysis

Under Rule 15(a), a party may amend a pleading without leave of court in certain relatively narrow circumstances. Fed. R. Civ. P. 15(a)(2). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant a motion to amend, courts must examine the totality of the circumstances and exercise their "informed discretion in constructing a balance of pertinent considerations." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006) (citing *Quaker State Oil Ref. Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir. 1989)). District courts enjoy "significant latitude in deciding whether to grant leave to amend." *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir. 2008).

"[T]he liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." *Acosta-Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 51 (1st Cir. 1998) (quoting 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1487, at 611 (2d ed. 1990)). Leave to amend may be denied because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The motion here, in large part, seeks to refine certain details and to dismiss certain claims, and is brought relatively early in the case. Under the circumstances, the motion will be

granted. The defendants will, of course, have an opportunity to renew their motion to dismiss after the filing of a first amended complaint.

## III. Conclusion

For the foregoing reasons,

1. Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 29) is GRANTED.
2. Plaintiff is directed to file an amended complaint consistent with the terms of this memorandum and order within 14 days (that is, by November 29, 2023).
3. Defendant City of Newton's Motion to Dismiss for Failure to State a Claim (ECF No. 15) and the Individual Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 17) are DENIED without prejudice as moot. Defendants shall answer or otherwise respond within 21 days after the filing of the amended complaint.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated: November 15, 2023