UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.: 1:23-cv-10026-FDS

ROBERT P. CONLON and BETSY CONLON, as the Personal Representative of the ESTATE OF MICHAEL CONLON,

Plaintiffs,

v.

NEWTON POLICE OFFICER FRANCIS SCALTRETO, NEWTON POLICE OFFICER RICHARD BENES, NEWTON POLICE SERGEANT GLENN CHISHOLM, NEWTON POLICE CAPTAIN DENNIS DOWLING, NEWTON POLICE CAPTAIN CHRISTOPHER MARZILLI, and THE CITY OF NEWTON,

Defendants

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR THE COURT TO RECOGNIZE THAT THE FIRST CIRCUIT'S DECISION AFFIRMED THE DISMISSAL OF ALL CLAIMS AGAINST CAPTAINS DENNIS DOWLING AND CHRISTOPHER MARZILLI**

The Defendants submit this memorandum in support of their motion requesting that this Honorable Court recognize that the First Circuit's decision affirmed the dismissal of all claims against Captains Dennis Dowling and Christipher Marzilli and therefore no claims remain against them.

1. The First Circuit affirmed the dismissal of all claims against Captains Dowling and Marzilli. *Conlon v. Scaltreto*, 158 F.4th 211, 226–27 (1st Cir. 2025).

2. The appellate court specifically held, "we **vacate** the judgment on Plaintiffs' claims against Officer-Defendants for the use of excessive force in violation of 42

U.S.C. § 1983 (Count 1) as it relates to the fatal shooting and **remand** the matter for further proceedings on that claim. The remainder of the judgment is **affirmed**." *Conlon v. Scaltreto*, 158 F.4th at 226–27 (emphasis in original).

3. Because only Officers Richard Benes and Francis Scaltreto used deadly force – "fatal shots [were] fired by Officers Benes and Scaltreto" – the vacated and remanded claim only applies to them, and not Captains Dowling and Marzilli, who did not use deadly force. *Conlon v. Scaltreto*, 158 F.4th at 221.

4. Notwithstanding the First Circuit's decision, at the Scheduling Conference on June 23, 2026, the Plaintiffs claimed that the appellate decision somehow left open claims against Captains Dowling and Marzilli.

5. In response, the Court (Saylor, IV) issued an order that motions regarding the issue of remaining Defendants are due by July 21, 2026. Docket No. 74.

6. The Defendants file this memorandum in support of their motion that this Court should recognize that the First Circuit's decision did not vacate the dismissal of any claims against Captains Dowling and Marzilli and only vacated an excessive force claim against Officers Benes and Scaltreto based on their fatal shooting of Michael Conlon.

7. For background, the District Court previously dismissed all claims, and the Plaintiffs appealed. Docket Nos. 54, 55, 56, 57, 58, 61, 62; *Conlon v. Scaltreto*, 158 F.4th 211 (1st Cir. 2025).

8. In sum, as the First Circuit explained, this case stems from an incident where the Newton Police Department received a report that Michael Conlon was attempting an armed robbery of a candy store adjacent to his apartment building. It ended

approximately thirty minutes later when Conlon, who was suffering a mental-health crisis, was shot dead by two officers [Benes and Scaltreto] on scene. *Conlon v. Scaltreto*, 158 F.4th at 215.

9. The Plaintiffs – Conlon's parents serving as the representatives of their son's estate – sued the City of Newton and several of its police officers, asserting claims under 42 U.S.C. § 1983, Title II of the American with Disabilities Act (ADA), the Rehabilitation Act, and Massachusetts law. The District Court dismissed the Plaintiffs' Complaint entirely and entered judgment. *Conlon v. Scaltreto*, 158 F.4th at 215.

10. In its decision, the First Circuit vacated the judgment as to Plaintiffs' section 1983 claims against the police officers' use of lethal force and remand the matter for further proceedings on that claim, and affirmed the remainder of the judgment. *Conlon v. Scaltreto*, 158 F.4th at 215.

11. Because only Officers Benes and Scaltreto used deadly force, the sole vacated count only applies to them. *Conlon v. Scaltreto*, 158 F.4th at 215, 217 (Officers Benes and Scaltreto fired their sidearms, killing Conlon).

12. In other words, because Captains Dowling and Marzilli did not use deadly force the vacated claim does not apply to them.

13. The Plaintiffs are clear that only Officers Benes and Scaltreto used deadly force against Conlon, "Defendant Officers Benes and Scaltreto discharged their firearms at [Conlon], killing him." First Amended Complaint, Document No. 35, ¶ 111.

14. In the appeal, the Plaintiffs "challenge[d] the dismissal of their section 1983 claim against the Officer-Defendants based upon two uses of allegedly excessive force against Conlon: (1) the deployment of the beanbag shotgun (i.e., the nearly simultaneous pointing and misfiring of the weapon); and (2) the fatal shooting." *Conlon v. Scaltreto*, 158 F.4th at 218.

15. As to the first issue, regarding the deployment of the beanbag shot gun, the First Circuit affirmed the District Court's decisions and found that the court did not err in granting qualified immunity to the asserted claims of excessive force as to Sergeant Glenn Chisholm's deployment of the beanbag shotgun at **Captains Dowling and Marzilli's instruction**. *Conlon v. Scaltreto*, 158 F.4th at 219 (emphasis added).

16. The appellate court held hold that the District Court "did not err because under the second step of the second prong of the qualified immunity analysis, an objectively reasonable officer would not have known that his conduct violated the clearly established law in the circumstances he faced." *Conlon v. Scaltreto*, 158 F.4th at 219.

17. In its holding, the First Circuit explained that "a reasonable officer would have understood that use of the beanbag gun most likely would de-escalate the situation further. The officer would most likely have concluded that use of the beanbag gun would reduce the need for use of further force and reduce the risk to all in the encounter, both the police officers and Conlon. It would not be objectively foreseeable to a reasonable officer in Sergeant Chisholm's position, **acting pursuant to his superior's instructions** [Captains Dowling and Marzilli], that

the beanbag gun would not function properly, much less that the attempted deployment would lead to Conlon allegedly picking up the knife again. Nothing in the pleadings asserts that the officers should have known either of these points. *Conlon v. Scaltreto*, 158 F.4th at 221 (emphasis added).

18. Consequently, because the appellate court affirmed the District Court's dismissal of all claims related to the decision and attempted use of the beanbag shot gun, there can be no claims remaining against Captains Dowling and Marzilli.

19. There is no theory that an excessive force claim based on Conlon's fatal shooting was somehow vacated as to Captains Dowling and Marzilli.

20. As to the second inquiry, the fatal shooting of Conlon, the First Circuit considered "whether Plaintiffs have pleaded sufficient facts to overcome qualified immunity for an excessive force claim **based on the fatal shots fired by Officers Benes and Scaltreto**." *Conlon v. Scaltreto*, 158 F.4th at 221 (emphasis added).

21. The appellate court explained that the entitlement to qualified immunity may well hinge on whether Conlon was armed when Officers Benes and Scaltreto used lethal force against him. *Conlon v. Scaltreto*, 158 F.4th at 222.

22. The appellate reasoned that because the Plaintiffs plead that there are material facts in dispute as to several occurrences in the moments before the fatal shooting, the uncertain "nature of the complaint and the record at this early stage of litigation makes vacating the appropriate course." *Conlon v. Scaltreto*, 158 F.4th at 222.

23. The First Circuit further explained, "[d]iscovery may reveal that Conlon picked up the knife in the moments preceding his death; it may also reveal that he

charged unarmed towards Sergeant Chisholm; or it may even reveal that Conlon did not charge at all. The resolution of the precise sequence of events leading up to Conlon's death is clearly relevant to determining whether qualified immunity applies. But we cannot resolve the qualified immunity question presented without a fuller development of the record." *Conlon v. Scaltreto*, 158 F.4th at 222.

24. "We accordingly vacate the district court's dismissal of Plaintiffs' section 1983 claim against the Officer-Defendants' use of lethal force to permit the needed discovery." *Conlon v. Scaltreto*, 158 F.4th at 222.

25. Because Captains Dowling and Marzilli did not use deadly force, and only Officers Benes and Scaltreto are alleged to have used lethal force, the single count vacated based on the use of lethal force does not apply to Captains Dowling and Marzilli.

WHEREFORE, the Defendants request that this Honorable Court recognize that the First Circuit's decision affirmed the dismissal of all claims against Captains Dowling and Marzilli.

Respectfully submitted,
The Defendants,
By their attorneys,

*/s/ Thomas R. Donohue*

Thomas R. Donohue, BBO# 643483
BRODY, HARDOON, PERKINS & KESTEN, LLP
265 Franklin Street, 12th Floor
Boston, MA 02110
(617) 880-7100
tdonohue@bhpklaw.com

DATED: July 21, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

*/s/ Thomas R. Donohue*
Thomas R. Donohue

DATED: July 21, 2026