UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT CONLON and BETSY CONLON, as the Personal Representatives of the Estate of Michael Conlon,

Plaintiffs

v.

NEWTON POLICE OFFICER FRANCIS SCALTRETO, NEWTON POLICE OFFICER RICHARD BENES, NEWTON POLICE SERGEANT GLENN CHISHOLM, NEWTON POLICE CAPTAIN DENNIS DOWLING, NEWTON POLICE CAPTAIN CHRISTOPHER MARZILLI, and THE CITY OF NEWTON,

Defendants.

C.A. No.: 1:23-CV-10026

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR THE COURT TO RECOGNIZE THAT THE FIRST CIRCUIT DECISION AFFIRMED THE DISMISSAL OF ALL CLAIMS AGAINST CAPTAINS DENNIS DOWLING AND CHRISTOPHER MARZILLI**

**NOW COME** Plaintiffs in the above-captioned matter and hereby submit their Opposition to Defendants' Motion for The Court to Recognize That the First Circuit Decision Affirmed the Dismissal of All Claims Against Captains Dennis Dowling and Christopher Marzilli.[1] As grounds for this Opposition, and in summary, Plaintiffs state that it is not appropriate for this District Court to alter the First Circuit's unambiguous decision to remand Count I against all Officer-Defendants. Pursuant to the "mandate rule," the District Court is required to comply with the First Circuit's decision, which clearly vacates the dismissal of Count I against **all** Officer-Defendants, including Officers Scaltreto, Benes, Chisolm, Dowling, and Marzilli (hereinafter, "Officer-Defendants"). The decision does not qualify the remand or specify that it applies to only certain Defendants.

## INTRODUCTION AND FACTUAL BACKGROUND

This case arises out of the tragic fatal shooting of Michael Conlon ("Michael") by the City of Newton's police officers. The Officer-Defendants unnecessarily killed Michael, and violated his constitutional rights, when they used excessive and unreasonable force in response to Michael's mental health episode on January 5, 2021. When officers arrived at the scene, they quickly realized that no crime had occurred; rather, they encountered a terrified young man having a schizophrenic episode. The officers responded excessively and unreasonably to a situation when the Officer-Defendants developed a plan and agreed to use lethal force against Michael, in the event non-lethal measures proved ineffective, even after Michael had disarmed himself. Ultimately, Officers Scaltreto and Benes fatally shot Michael after a beanbag shotgun failed to incapacitate an unarmed Michael.

[1] Defendants' Motion makes no argument that Sergeant Chisholm should be or has been dismissed from the case.

## PROCEDURAL HISTORY

On or about January 17, 2024, all Defendants in this matter filed Motions pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of the entirety of Plaintiffs' Amended Complaint. After a hearing on April 10, 2024, the District Court allowed Defendants' Motions in their entirety, dismissing all claims against all Defendants. Plaintiffs subsequently appealed to the First Circuit, for which oral arguments were heard on March 5, 2025. Following oral arguments, on October 23, 2025, the First Circuit issued its Opinion, which affirmed the District Court's decision as to Defendant City of Newton, vacated the District Court's decision dismissing Plaintiffs' section 1983 use of lethal force claims against the Officer-Defendants, and remanded the matter to the District Court for further proceedings. *See Conlon v. Scaltreto,* 158 F. 4th 211 (1st. Cir. 2025).

Defendants now have taken the position that despite the First Circuit opinion remanding Count I as to **all** individual Officer-Defendants, the First Circuit actually meant to remand only as to certain Defendants, namely Scaltreto, Benes, and presumably Chisholm. Defendants now submit this Motion to the District Court seeking an interpretation of the First Circuit's decision. This is despite the fact that the First Circuit's decision, opinion, and reasoning is clear in that it applies to the excessive force claim against **all** the Officer-Defendants.

## ARGUMENT

### 1. THE FIRST CIRCUIT'S DECISION IS CLEAR AND UNAMBIGOUS

The First Circuit's decision is clear and unambiguous in that it vacated the District Court's dismissal as to **all** Officer-Defendants as it relates to Count I. The decision does not specify that it applies to only certain individuals, or qualify the scope of the remand, other than to say that the entirety of Plaintiffs' section 1983 claims against the Officer-Defendants is remanded to permit the needed discovery. Specifically, the First Circuit's opinion defines "Officer-Defendants" as Officers

Scaltreto and Benes, Sergeant Chisolm, and Captains Dowling and Marzilli. *See Conlon v. Scaltreto,* 158 F. 4th at 217. Pursuant to the "mandate rule," on remand, the district court is required to comply with the direction of the appellate court. *See U.S. v. Davila-Felix*, 763 F.3d 105, 109 (1st Cir. 2014). As such, Defendants have no basis to suggest that the First Circuit decision supports the dismissal of Captains Dowling and Marzilli.

**a. <u>The Opinion Clearly Applies the Remand to All Officer-Defendants</u>**

The First Circuit's opinion vacates the District Court's decision and remands the Count I excessive force claim against the **<u>Officer-Defendants</u>**. *See Conlon v. Scaltreto,* 158 F. 4th at 218. No distinction is made anywhere in the decision that suggests the remand should apply to only some of the individual Defendants. In fact, the justices go out of their way to refer to the Officer-Defendants collectively when vacating and remanding the matter. *See id.* at 226-27. Furthermore, the First Circuit acknowledges allegations in the Amended Complaint relating to inconsistencies in statements by the various Officer-Defendants and the Court specifically notes the need for discovery on the issue. The First Circuit's acknowledgment about the Officer Defendants' inconsistent statements and conflicting reports led the Court to conclude that discovery on these issues is necessary. *See id.* at 222.

Defendants' position that the First Circuit meant only to remand as to Scaltreto and Benes is contrary to the First Circuit's opinion that Plaintiffs are entitled to pursue their claims against all Officer-Defendants and indeed recognized that discovery is needed to make determinations on the underlying facts related to Count I. *See id.* Pursuant to both the letter and the spirit of the decision (and mandate), the First Circuit clearly intended to vacate the District Court's decision as to all of the Officer-Defendants, citing the need for additional discovery and the inconsistent and conflicting accounts of the various Officer-Defendants. *See U.S. v. Davila-Felix* at 109 (internal quotations omitted).

Defendants argue that the remand is only to the claims against Scaltreto and Benes because they are the only individuals alleged in the Amended Complaint to have fired the fatal shots. This argument neglects the fact that the First Circuit was well aware of these facts as pled and still elected to remand Count I as to all Officer-Defendants. *See id.* at 217-18. The First Circuit does not qualify the remand as applying differently to different Officer-Defendants, despite the fact that the justices were aware of the different roles of each defendant. The First Circuit specifically addressed allegations that Captains Dowling and Marzilli agreed to a plan to incapacitate Michael with lethal force should non-lethal measures prove ineffective. *See id.* at 216. Notably, the First Circuit addressed this issue after the Court acknowledge that "Captain Marzilli informed [the other Officer-Defendants] that Conlon was a 'psych patient' and characterized the situation as a 'mental health issue.'" *Id.*

Had the First Circuit intended to vacate the District Court's judgment as to only Scaltreto and Benes or Chisolm, the justices could have easily and clearly indicated that in the opinion. The fact of the matter is that they did not and remanded as to **all** Officer-Defendants. *See id.* at 218, 222. Indeed, in their brief, Defendants do not cite to any statement in the decision that supports their contention that the First Circuit affirmed the dismissal of Sergeant Chisholm or Captains Dowling and Marzilli.[2]

Defendants' arguments in essence ask this District Court to read in ambiguity that does not exist to usurp the clear decision of the First Circuit. This is not a case in which a fragmented or unclear holding in the appellate court's opinion exists. *See Marks v. U.S.* 430 U.S. 188, 193-94 (1977)

[2] Oddly, Defendants, in paragraph 3 of their brief, cite to the First Circuit's reasoning that the "**Officer-Defendants'** entitlement to qualified immunity may well hinge on whether Conlon was armed when Officers Benes and Scaltreto used lethal force against him." *See Conlon v. Scaltreto* at 221. This is notable where the First Circuit clearly contemplates the possibly of liability for **all** Officer-Defendants based on the fatal shooting by Benes and Scaltreto. Indeed, the First Circuit specifically chose not to affirm the District Court's grant of qualified immunity to Chisholm, Marzilli, and Dowling.

(discussing the manner in which a holding may be distilled from separate and fragmented opinions in which there is no single rationale). The First Circuit clearly states that Count I of the Amended Complaint is remanded as to the **Officer-Defendants**. *See Conlon v. Scaltreto* at 218, 222. To argue that the First Circuit meant to remand as to only Officers Scaltreto, Benes or Chisholm injects unnecessary ambiguity and ignores the plain language (and reasoning) of the First Circuit's decision and runs contrary to the mandate rule.

**b. The Opinion Does Not Qualify or Condition the Remand as to Any of the Officer-Defendants**

As addressed briefly above, the opinion and mandate of the First Circuit operates to remand Count I as to the Officer-Defendants in its entirety and without qualification or condition. Had the First Circuit intended to either remand **only** as to Scaltreto, Benes and/or Chisolm, or qualify the remand as to Captains Dowling and Marzilli, the justices could have easily done so by stating such in their opinion. In fact, Plaintiffs raised this argument before the District Court, specifically alleging that Chisholm, Dowling, and Marzilli, could be liable for a violation of section 1983 under an excessive force theory for the fatal shots by Benes and Scaltreto. *See Pls. Op. to Defs. Francis Scaltreto, Richard Benes, Glenn Chisholm, Dennis Dowling, and Christopher Marzilli's Mot. to Dismiss under Fed. R. Div. P. 12(b)(6)* at 11-15, Doc. No 50, C.A. No. 1:23-CV-10026 (February 20, 2024). The opinion and mandate does not qualify that the remand as to Chisholm, Dowling, or Marzilli, should be treated any differently than the remand as to Scaltreto and Benes in regards to the excessive force claim.

**c. Defendants Could Have Pursued Motion Practice Before the Appellate Court for Clarification of the Order**

The Federal Rules of Appellate Procedure, Rule 27, permit motion practice before the Appellate Court. If Defendants seek clarification as to the precise intention of the First Circuit (despite

the decision's lack of ambiguity), a Rule 27 motion would be a more appropriate avenue than requesting the District Court review and alter the First Circuit's mandate.

**2. FEDERAL LAW UNDER SECTION 1983 PERMITS LIABILITY AGAINST CHISHOLM, DOWLING, AND MARZILLI, EVEN IF THEY DID NOT FIRE THE FATAL SHOTS**

Contrary to the assertions of Defendants, federal law under Section 1983 permits a finding of liability against Chisholm, Dowling, and Marzilli, even if they are not alleged to have fired the fatal shots. The First Circuit has held:

> [p]ersonal participation is not the only predicate for section 1983 liability. Anyone who "causes" any citizen to be subjected to a constitutional deprivation is also liable. The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.

*Gutierrez-Rodriguez v. Cartegena,* 882 F.2d 553, 560-61 (1st Cir. 1989) (quoting *Springer v. Seaman,* 82 F.2d 871, 879 (1st. Cir. 1987) (citations omitted)). As stated above, Plaintiffs argued that Chisholm, Dowling, and Marzilli could be liable for a violation of section 1983 under an excessive force theory for the fatal shots by Benes and Scaltreto. Defendants' Motion is silent as to the allegations in the First Amended Complaint that make specific allegations that Chisolm, Dowling, and Marzilli, developed and implemented a plan to use lethal force against an unarmed, mentally ill man without warning. *See Pl's Amended Complaint, ¶¶ 75-116.* In plain terms, the First Circuit never granted qualified immunity for the Officer-Defendants setting into motion a series of acts that led to Michael's fatal shooting. As such, Defendants cannot demand that this Court dismiss Dowling and Marzilli where the First Circuit never granted Dowling and Marzilli qualified immunity in regards to Michael's fatal shooting.

It is sufficient to establish a causal link if the "defendant sets in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the

constitutional injury." *Sheffield v. Pieroway*, 361 F.Supp.3d 160, 166 (D.Mass. 2019). Furthermore, officers who are present and fail to stop another officer's use of excessive force may liable under section 1983. *Martinez v. Colon*, 54 F.3d 980, 986 (1st. Cir. 1995). Here, even if Plaintiffs do not allege that Chisholm, Dowling, and Marzilli fired the fatal shots, their participation in developing, approving, and implementing a plan to use deadly force against an unarmed mentally ill man is sufficient to establish liability under section 1983. *See Pl's Amended Complaint,* ¶¶ *75-116.* As reasoned by the First Circuit, Chisholm, Dowling, and Marzilli agreed to and employed a plan that included deadly force after each of the Officer-Defendants acknowledged or were informed that Michael was a psych patient and after Michael had disarmed himself completely. Therefore, even a narrow interpretation of the First Circuit's Order remanding the matter as to the Officer-Defendants for proceedings concerning the fatal shooting would include a remand of the claims against Chisholm, Dowling, and Marzilli.

## CONCLUSION

**WHEREFORE**, and for the foregoing reasons, Plaintiffs respectfully requests this Honorable Court deny Defendants' Motion and recognize that the First Circuit's opinion and mandate remanding Count I applies to all Officer-Defendants.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs request oral argument on this Motion.

RESPECTFULLY SUBMITTED,

PLAINTIFFS, ROBERT CONLON and BETSY CONLON, as the Personal Representatives of the Estate of Michael Conlon
BY THEIR ATTORNEYS,

*/s/ Patrick Driscoll*

DATED: August 11, 2026

Patrick Driscoll, Esq. (BBO #669560)
pdriscoll@boyleshaughnessy.com
Janine D. Kutylo, Esq. (BBO #647662)
jkutylo@boyleshaughnessy.com
Nicholas M. Scaptura, Esq. (BBO #696581)
nscaptura@boyleshaughnessy.com
Boyle | Shaughnessy Law, P.C.
88 Broad Street, 8th Floor
Boston, MA 02110
Phone: (617) 451-2000
Fax: (617) 451-5775

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those identified as non-registered participants on this 11th day of August, 2026.

*/s/ Patrick Driscoll*

Patrick Driscoll, BBO #669560
Janine D. Kutylo, BBO #647662
Nicholas M. Scaptura, BBO #696581